| WOODARD, J.,
dissenting in part.
I respectfully dissent from the majority’s opinion, denying Claudia an award for loss of earning capacity.
Our supreme court provided us with guidance in order to answer such a question. In Hobgood v. Aucoin,[1] it stated:
In Folse v. Fakouri, 371 So.2d 1120 (La.1979), this court recognized that in determining an award for loss of earnings and earning capacity, what the plaintiff earned before and after the injury does not constitute the measure. While plaintiffs earning capacity at the time of the injury is relevant, it is not necessarily determinative of his future ability to earn. Damages should be estimated on the injured person’s ability to earn money, rather than what he actually earned before the injury. Earning capacity in itself is not necessarily determined by actual loss; damages may be assessed for the deprivation of what the injured plaintiff could have earned despite the fact that he may never have seen fit to take advantage of that capacity. The theory is that the injury done him has deprived him of a capacity he would have been entitled to enjoy even though he never profited from it monetarily.
| ¡¿Recently following this decision, the fourth circuit noted that “[e]ven if the plaintiffs actual earnings have increased, compensation may still be awarded for any impairment of the capacity to earn.”[2]
Overall, in the case sub judice, the evidence established that, with a whole body disability, Claudia suffered a loss of her capacity to do physical labor. In other words, because of this accident, certain employment opportunities requiring physical labor, have been foreclosed to her. This loss is compounded by the fact that, more probably than not, she would not be able to complete college in order to perform non-physical jobs.
Specifically, the evidence reveals that at the time of the accident, she was sixteen years of age and a full-time high school student with no regular employment; after the accident, she suffered a 12% whole body disability. Further, although she maintained a job at McDonald’s and performed clerical work for her brother’s business, the accident had, obviously, diminished her ability to perform physical labor. Dr. Humphries, her treating physician, testified that she could perform work in an accounting or business management type employment in an office setting but ruled out any type of manual labor. Dr. Shutte agreed. Moreover, even though she was attending college as a freshman, studying business, at the time of trial, Mr. Glenn Hebert, her vocational rehabilitation expert, believed that she did not have the mental capacity to complete the higher level college courses in order to graduate, and he provided statistics of a variance in monthly earnings between women with, and without, a non-severe disability and the same educational background as Claudia’s, demonstrating a loss to her. Thus, since the evidence is clear that she had, at least, a 12% whole body disability, diminishing her employment capacity, following Hobgood and Kennedy, she should be entitled to an award for that loss.[3]

. 574 So.2d 344, 346 (La.1990). (Emphasis added.)

. Kennedy v. Columbus America Properties, 99-0940 (La.App. 4 Cir. 1/12/2000); 751 So.2d 369, 371. (Emphasis added.)

. Id.